UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP MACKENZIE PAYNE,

          Petitioner,

                                    CASE NO. 2:18-CV-10231
v.                               HON. GEORGE CARAM STEEH

CONNIE HORTON,

          Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION TO DISMISS (Dkt. # 13) AND COMPELLING A SUPPLEMENTAL ANSWER ADDRESSING THE AMENDED HABEAS PETITION'S MERITS

     This matter is before the Court on respondent's motion to dismiss on the ground that the claims raised in the amended habeas petition are barred by the one year statute of limitations because petitioner filed his amended habeas petition containing these claims for the first time only after the one year limitations period expired. For the reasons that follow, the motion to dismiss the amended petition is denied. Respondent shall file a supplemental answer addressing the merits of petitioner's amended petition within sixty days of this order.

     The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed

-1-

after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). Petitioner's habeas petition was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply. *See Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

Respondent acknowledges that petitioner's original habeas petition was timely filed.

When a habeas petitioner files an original petition within the one-year deadline, and later presents new claims in an amended petition that is filed after the deadline passes, the new claims will relate back to the date of the original petition only if the new claims share a "common core of operative facts" with the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Respondent contends that the claims raised by petitioner in his amended habeas petition are untimely because he did not raise them in his initial habeas petition and these claims do not relate back to the claims that he raised in his original petition.

Respondent is incorrect. Petitioner originally raised all of the claims contained in his amended habeas petition in his original petition, even if

they were somewhat conclusory and unsupported. (See Dkt. # 1, ECF PgID 5-6).

In the present case, at least some, if not most, of petitioner's amended claims appear to share a common core of operative facts with the claims raised in his original habeas petition.

Moreover, although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F.3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429, n. 2 (6th Cir. 2006). In the present case, because of the complexities involved, it appears to be simply easier and more judicially efficient to adjudicate petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *See Jones v. Bowersox,* 28 F. App'x 610, 611 (8th Cir. 2002). Accordingly, the Court believes that the ends of justice would be

better served by ordering a supplemental answer that addresses the merits of the claims raised in petitioner's amended petition.

The Court denies the motion to dismiss and orders the respondent to file a supplemental answer that responds to the merits of the claims contained in the amended habeas petition within sixty days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court with any Rule 5 materials that have not already been filed with the Court at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Accordingly, the Court **ORDERS** that the motion to dismiss [Dkt. # 13] is **DENIED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of the claims contained in the amended petition and

any Rule 5 materials that have not already been submitted to the Court within **SIXTY DAYS** of the date of this order.

Dated: November 14, 2018

                                     s/George Caram Steeh
                                     GEORGE CARAM STEEH
                                     UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 14, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk